WORSHAM v. GEBELIN

---

(December 10, 1928.  Opinion and Decree.)
(January 7, 1929.  Rehearing Refused.)
(February 13, 1929.  Writ of Certiorari and
Review Denied by Supreme Court.)

---

Borah, Himel, Bloch and Borah, of New Orleans, attorneys for plaintiff, appellee.

Legier, McEnerny and Waguespack, of New Orleans, attorneys for defendant, appellant.

JANVIER, J.  This case resulted from an automobile collision, which occurred November 14, 1925, at about eight o'clock in the morning at the intersection of Freret and Pine Streets.  Mr. Worsham, the plaintiff, was driving his Paige touring car down Freret Street.  Miss Gebelin, sixteen-year-old daughter of defendant, was driving defendant's Nash car out Pine Street in the direction of Lake Ponchartrain.  When she reached the corner of Freret Street she attempted to turn to the left in an uptown direction.  Worsham's car crashed into the left side of the Gebelin car and both cars were substantially damaged.

Mr. Gebelin filed a reconventional demand.  The trial court dismissed both the original suit and the claim in reconvention.

Worsham contends that he was driving his car at a reasonable speed and that just before he reached the corner of Pine Street, Miss Gebelin, cut around the corner to the left, close to the curb, and immediately in his path.  He states that he put on his brakes as fast as he could and swerved his car to the right, and that after it stopped it was partially on the sidewalk.  He contends that Miss Gebelin did not stop before entering Freret Street, which was a right of way street, and that she was on the left side and made a short turn instead of a long one in compliance with the Traffice Rules of the City.

There is some dispute as to whether Miss Gebelin stopped her car and blew her horn before entering the intersection.  It was plainly her duty before entering a right of way street to make certain that it was safe for her to do so and surely she did not do this.  It is also quite plain that she entered a right of way street in a wrong position and her negligence in these two particulars is sufficient to render her father liable unless the other party can be said to have been guilty of contributory negligence.

It appears to us that the other party, Mr. Worsham, was guilty of contributory

negligence. We are led to this belief by the testimony of various witnesses.

Mr. Weiss says that Worsham was going at about thirty-five or forty miles an hour, and that, after the accident, he saw skid marks which extended about forty feet. Mr. Haney, a police officer, who was directing traffic a block away said he heard the squeaks of Mr. Worsham's brakes and went to the scene as fast as possible. When he arrived there he saw skid marks for forty or fifty feet. A delivery boy, Clarence Smith, who was more than a block away from the accident, had seen Mr. Worsham's car pass him a few moments before the accident. Smith makes the following statement, "When he passed me he was speeding."

Some attack is made on the credibility of the police officer and it was attempted to show that he was removed from that location on account of complaints made about him. Whether this is true or not is not clear, but at any rate the testimony of the police officer merely corroborates the other witnesses.

We are of the opinion that the accident would have been avoided had the speed of Worsham's car been within legal limits and had he had his car under such control as should have been exercised by an ordinarily prudent driver.

It seems to us that both parties were at fault and that the negligence of each contributed to the accident. Under such circumstances neither can recover. The Court will leave them where it finds them.

It is therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed.